# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| **JANET HAYES GARNER** | **CIVIL ACTION NO. 05-130-P** |
| **VERSUS** | **JUDGE HICKS** |
| **WARDEN** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a petition for writ of habeas corpus filed by pro se petitioner Janet Hayes Garner, pursuant to 28 U.S.C. § 2254. This petition was received and filed in this Court on January 20, 2005. Petitioner is incarcerated in the Riverbend Detention Center in Lake Providence, Louisiana. She challenges her state court conviction and sentence. Petitioner names the State of Louisiana as respondent.

Petitioner was convicted of one count of illegal use of a weapon during the commission of a crime of violence in the Louisiana First Judicial District Court, Parish of Caddo. She was sentenced to 12 years imprisonment at hard labor without benefit of parole, probation or suspension of sentence. The Louisiana Second Circuit Court of Appeal affirmed her conviction and sentence. State v. Garner, 39,270 (La. App. 2 Cir. 12/22/04), 890 So.2d 733.

In support of this petition, Petitioner alleges (1) she received ineffective assistance of

counsel and (2) the State withheld evidence.

For the reasons stated below, Petitioner's application for habeas relief should be dismissed for failure to exhaust state court remedies.

## LAW AND ANALYSIS

Habeas corpus relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. However, the right to pursue habeas relief in federal court is not unqualified. It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court until he has exhausted all available state remedies. See Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).

This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. See Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, (1971); Rose, 455 U.S. at 509, 102 S. Ct. at 1198. Moreover, in the event that the record or the habeas corpus petition, on its face, reveals that the petitioner has not complied with the exhaustion requirement, a United States district court is expressly authorized to dismiss the claim. See Resendez v. McKaskle, 722 F.2d 227, 231 (5th Cir. 1984).

Although Petitioner has provided this Court with numerous documents, she has failed to provide documentation to evidence that her claims were fully exhausted in the state courts. Specifically, Petitioner has failed to provide documentation that her claims were raised in the Supreme Court of Louisiana. Thus, Petitioner has failed to exhaust all available state court

remedies prior to filing her petition in this Court.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE.**

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the factual findings and legal conclusions that were accepted by the district court and not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana on this 6th day of October, 2005.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE